UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>AARON DWAYNE PITTMAN, *et al.*,<br>Defendants. | Case No. 13cr4510 JAH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MARTIN'S MOTION TO DISMISS AND DENYING DEFENDANTS BROWN AND MITCHELL'S MOTIONS TO DISMISS**<br><br>[Docs. # 558, 567, 578, 609, 653] |

## INTRODUCTION

Pending before the Court are defendant Tony Brown's Motion to Dismiss Counts Two Through Five on Statute of Limitations Grounds [Doc. # 558], defendant Harold Randolph Martin's Motion to Dismiss Counts Six, Seven and Eleven on Statute of Limitations Grounds [Doc. # 567, 578], and defendant Alvin Bernard Mitchell's Motion to Dismiss Counts Six and Seven on *Ex Post Facto* Grounds [Doc. # 609]. Defendants Robert Banks III, Marcus Anthony Stevenson, Anthony Dwayne Edmond, John Devon Price, Marcus John Anthony Griffin, and Christopher Michael Wall have joined in defendant Brown's motion. *See* Docs. # 559, 563, 564, 591, 592, 594. Defendants Jonathan Devon Price, Marcus Anthony Stevenson, and Christopher Michael Wall have joined in Martin's motion. *See* Docs. # 591, 592, 594. Defendants Tony Brown, Robert Banks, III, and Jonathan Devon Price have joined in Mitchell's motion. *See* Docs. # 617, 619, 625. The government opposes the motions. Upon a thorough review of the parties'

submissions and after a careful consideration of the parties' arguments at the hearing, this Court GRANTS IN PART and DENIES in part defendant Martin's motion and DENIES defendants Brown and Mitchell's motions in their entirety.

**BACKGROUND**

On December 19, 2013, the grand jury issued an indictment charging defendants Brown, Martin and Mitchell, along with multiple other defendants with violation of 18 U.S.C. § 1962(d), Conspiracy to Conduct Enterprise Affairs through a Pattern of Racketeering Activity. *See* Doc. # 1. The grand jury issued a 37 count superseding indictment on November 20, 2014. *See* Doc. # 537. The superseding indictment alleges, *inter alia*, that, on August 12, 2000 and March 31, 2001, defendants Banks and Brown transported minor females ("MF1," "MF9," MF10," MF11,") in interstate commerce for prostitution purposes in violation of 18 U.S.C. §§ 1591(a) & (b), 2423(a) and 2 (Counts Two, Three, Four, Five); that, on October 16, 2002, defendants Mitchell and Martin transported a minor female ("MF8") and an adult female ("AF42") in interstate commerce for prostitution purposes (Counts Six, Seven); and that, between July 2009 and October 19, 2009, defendant Martin recruited an adult female ("AF1") through the use of force, threats of force, fraud, or coercion to engage in commercial sex acts in violation of 18 U.S.C. §§ 1591(a), (b) and 1594(a) (Count 11).

Brown filed his motion to dismiss on January 16, 2015, Martin filed his motion to dismiss on January 21, 2015, and Mitchell filed his motion to dismiss on February 13, 2015. The government subsequently filed responses to all three motions. After this Court heard oral argument on the motions, the motions were taken under submission.

**DISCUSSION**

**1. Legal Standard**

In 1994, the statute of limitations in effect for sexual offenses against children ran until "the child reaches the age of 25 years." 18 U.S.C. § 3509(k)(1990), *amended* 18 U.S.C. § 3283 (1994)("No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age

of 18 years shall preclude such prosecution before the child reaches the age of 25."). Section 3283 was revised in 2003 to provide that:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child.

18 U.S.C. § 3283 (2003).

Section 3283 was further revised in 2006, providing that:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such offense during the life of the child, or for ten years after the offense, whichever is longer.

18 U.S.C. § 3283 (2006). 18 U.S.C. § 3299, was revised in 2006 as well, providing that:

> Notwithstanding any other law, an indictment may be found or an information instituted at any time without limitation for any offense under section 1201, involving a minor victim, and for any felony under chapter 109A, 110, 2257 and 2257A or 117 [18 U.S.C. § 2421 et seq.] or section 1591.

18 U.S.C. 3299 (2006). Sexual offenses other than offenses against children fall under the provisions of 18 U.S.C. § 3282, which provides that:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

**2. Analysis**

**a. Brown's Motion to Dismiss**

Brown moves to dismiss Counts Two through Five of the Superseding Indictment on statute of limitations grounds. Count Two alleges a violation of 18 U.S.C. § 2423(a) (transportation of a minor across state lines for purposes of prostitution) based on conduct that occurred in August 2000. Counts Three, Four and Five allege violations of 18 U.S.C. § 1591 (sex trafficking of children) involving two minors, ages 15 and 16, based on conduct that occurred in March 2001.

//

Brown presents two arguments in support of his motion to dismiss: (a) assuming § 3283 is the applicable statute of limitations here, the version in effect at the time of the offense prohibited prosecution in this case; and (b) even if the Court finds the subsequent versions of § 3283 are retroactive, § 3283 does not apply to the charges in this case. *See* Doc. # 558-1 at 4.

Section 3509(k) was in effect at the time the alleged offenses occurred which tolled the statute of limitations until the victim reached aged 25. It is undisputed the oldest victim would have turned age 25 in April 2009 and the younger victims would have turned age 25 shortly thereafter. Id. Had the statute of limitations not been amended in 2003 and 2006, it would have been time barred from bringing these charges. Id. at 6. However, as explained in United States v. Chief, 438 F.3d 920 (9th Cir. 2006), the amendments effectively extended the limitations period.

In Chief, the defendant was alleged to have committed a sex offense against a child in 1997, but the United States did not bring the indictment until 2004. Chief argued that the prior version of the statute had expired at the time the indictment was brought but the Ninth Circuit disagreed, holding that since Congress extended the statute of limitations for sex offenses involving minors during the time the previous statute was still running, the extension was permissible. Chief, 438 F.3d at 924.

The Chief decision is controlling here. Brown cites only to out-of-district authority that is not persuasive here.[1] The Ninth Circuit has clearly spoken on the issue of whether the extensions to § 3283 are constitutionally permissible and whether they serve to extend the statute of limitations for the charges alleged in this case. *See* Chief, 438 F.3d at 924. Thus, it follows that this Court should not revisit that decision.

Next, Brown contends that, even if the Court determines Congress manifested a clear intent that the § 3283 amendments apply retroactively, none of the versions of

[1] Specifically, Brown and Martin both cite to United States v. Richardson, 512 F.2d 105 (3rd Cir. 1975), claiming the Richardson case is directly on point. However, this Court agrees with the government, as set forth during oral argument, that the Richardson case is not persuasive based on the fact that it was decided in 1975 and is not a Ninth Circuit decision.

§ 3283 apply to Brown because neither § 2423(a) (count two) nor § 1591 (counts three, four and five) categorically involve sexual abuse of a minor, which is required to trigger the applicability of § 3283. However, as noted by the government, in United States v. Carpenter, 680 F.3d 1101 (9th Cir. 2012), the Ninth Circuit held that the definition of "sexual abuse" under § 3509(a) applies to § 3283 to extend the statute of limitations for certain offenses involving children. In Carpenter, the defendant contended the shorter five year statute of limitations applied but the Ninth Circuit held that the courts look to § 3509(a) for the definition of "sexual abuse" and use it to apply "section 3283's extended statute of limitations." Carpenter, 680 F.3d at 1104. Thus, the Ninth Circuit's decision in Carpenter forecloses Brown's argument concerning the applicability of the shorter five-year limitations period. Because the Ninth Circuit has spoken on this issue and has determined the statute of limitations for the offenses charged here is governed by § 3283, and § 3299, and that the extensions of the statute of limitations period in 2003 and 2006 are constitutionally permissible, this Court finds it inappropriate to reexamine that determination by using a different approach. Therefore, Brown's motion is DENIED.[2]

**b. Mitchell and Martin's Motions to Dismiss**

Defendants Mitchell and Martin each filed a motion to dismiss Counts Six and Seven of the superseding indictment on statute of limitations grounds. Mitchell also seeks, in the alternative, dismissal of Counts Six and Seven on *ex post facto* grounds. In addition, Martin moves to dismiss Count Eleven as untimely based on the five year limitations period for adult offenses set forth in 18 U.S.C. § 3282. The motions have been joined by defendants Brown, Banks, Stevenson, Wall and Price. Both Mitchell and Martin filed amended motions containing substantially the same arguments presented in their original motions.

As to both defendants, Count Six alleges a violation of 18 U.S.C. § 2423(a) (transportation of a minor across state lines for purposes of prostitution, involving a

[2] Martin presents the same arguments in his motion in regards to Counts Six and Seven. This Court finds the analysis is identical and DENIES Martin's motion for the same reasons.

15 year old ("MF8") ) and Count Seven alleges a violation of 18 U.S.C. §§ 2421 and 2 (transportation of an individual across state lines for purposes of prostitution, involving an 18 year old female ("AF42")). Both counts are based on conduct that occurred on October 16, 2002. Count Eleven alleges Martin violated 18 U.S.C. §§ 1591(a), (b) and 1594(a) (recruitment of an adult female ("AF1") through the use of force, threats of force, fraud, or coercion to engage in commercial sex acts) between July 2009 and October 19, 2009.

**1. Statute of Limitations**

Both Mitchell and Martin contend that, because the statute of limitations in Counts Six and Seven expired and Congress did not express a clear intent for subsequently enacted statutes of limitations to apply retroactively, these two counts should be dismissed. Both defendants point out that MF8, who was 15 on October 16, 2002, must have turned 25 on or before October 16, 2012, and, thus, as to Count Six, the limitations period under § 3509(k)'s expired sometime before October 16, 2012. _As to Count Seven, the defendants point out that § 3283's five year limitations period expired on October 16, 2007. Therefore, according to defendants, under §§ 3283 and 3509(k), both counts are time-barred unless the newly enacted § 3299 applies retroactively. The defendants contend that, under statutory construction principles, which both defendants claim should be applied first before reaching the issue of whether the statutes' application is constitutional, the statutes should not be retroactively applied. In addition, Martin contends that, under a strict categorical analysis, Counts Six, Seven and Eleven should be dismissed as untimely based on the five-year limitations period set forth in 18 U.S.C. § 3282.

Mitchell cites extensively to <u>I.N.S. v. St. Cyr</u>, 533 U.S. 289 (2001), in support of his statutory construction arguments. In <u>St. Cyr</u>, a permanent resident alien filed a petition for habeas corpus, seeking review of decision of Board of Immigration Appeals ("BIA") that he was removable by reason of having pleaded guilty to aggravated felony and was ineligible to apply for discretionary relief from deportation. The district court

determined that it had jurisdiction and that repeal of discretionary relief from deportation did not apply retroactively to the alien. The Court of Appeals affirmed. Certiorari was granted. The Supreme Court, Justice Stevens, held, among other things, that provisions of AEDPA and IIRIRA repealing discretionary relief from deportation did not apply retroactively to alien, who pled guilty to sale of controlled substance prior to statutes' enactment.

The Supreme Court, in St. Cyr, stated that:

> The inquiry into whether a statute operates retroactively demands a commonsense, functional judgment about 'whether the new provision attaches new legal consequences to events completed before its enactment. (internal citation omitted). A statute has retroactive effect when it " 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past....' (footnote and internal citations omitted). As we have repeatedly counseled, the judgment whether a particular statute acts retroactively "should be informed and guided by 'familiar considerations of fair notice, reasonable reliance, and settled expectations.'

St. Cyr, 533 U.S. at 321.

Mitchell contends that this guidance should be followed here and, in doing so, the Court must apply statutory construction principles before reaching any constitutional issues. Under these principles, Mitchell argues that the statutes should not have retroactive effect.

Mitchell's statutory construction arguments are not convincing. Although there is some merit to his claim concerning the propriety of applying statutory construction principles prior to determining whether the extension of the statute of limitations is constitutional, it should be noted that none of the cases cited by Mitchell involve these particular statutes and, in fact, none of them concern sex crimes against minors. Because the Ninth Circuit, in Chief, which was decided five years after St. Cyr, did not deem it necessary to apply statutory construction principles prior to determining the constitutionality of the statutes at bar, this Court is not required to do so at the behest of Mitchell. Therefore, this Court finds Mitchell's arguments unpersuasive.

//

As to Martin's contention that Count Eleven is barred by the five year limitations period set forth in § 3282, this Court finds defendant's argument persuasive.[3] Count Eleven charges defendant Martin with recruiting an adult female (AF1) through the use of force, threats of force, fraud or coercion to engage in commercial sex acts in violation of 18 U.S.C. §§ 1591(a), (b) and 1594(a). This charge alleges unlawful conduct between July 2009 and October 19, 2009. The original indictment was filed on December 19, 2013 but it did not contain Count Eleven. Defendant Martin was charged as to Count Eleven in the superseding indictment filed on November 20, 2014, approximately one month after the five year statute of limitations for this offense expired. As such, this Court finds that the charge alleged in Count Eleven is untimely and, as such, must be dismissed. Accordingly, Martin's motion to dismiss Count Eleven is GRANTED.

**2. *Ex Post Facto***

Mitchell alternatively contends that, should the Court not find Counts Six and Seven time barred, then the Court should find the charges violative of the *ex post facto* clause. This Court finds Mitchell's contention unavailing.

Article I of the United States Constitution provides that neither Congress nor any state shall pass an *ex post facto* law. Art. I, § 9, cl. 3; Art. I, § 10, cl. 1. "Although the Latin phrase '*ex post facto*' literally encompasses any law passed 'after the fact,' it has been recognized ... that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." Collins v. Youngblood, 497 U.S. 37, 41 (1990); *see also* Rise v. Oregon, 59 F.3d 1556, 1562 (9th Cir. 1995) (a law which implicates the *ex post facto* clause of the Constitution is one which "criminalizes conduct that was not a crime when it was committed, increases the punishment for a crime beyond what it was at the time the act was committed, or deprives a person of a defense available at the time the act was committed.").

Mitchell explains that, in Stogner v. California, 539 U.S. 607, 612 (2003), the

[3] This Court notes that the government neither addressed the issue in its response to Martin's motion nor during oral argument.

Supreme Court identified four categories to be considered in adjudicating *ex post facto* claims. Doc. # 609-1 at 16. Those four categories are: any law that:

(1) "makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action;"

(2) "aggravates crime, or makes it greater than it was, when committed;"

(3) "changes the punishment, and inflict a greater punishment, than the law annexed to the crime, when committed;"

(4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender."

Mitchell contends §§ 3283 and 3299 fall within the "fourth category because they 'alter the legal rules of evidence' by allowing the government to prosecute Mr. Mitchell with evidence that -- before the statutes' enactments -- would have been inadequate to obtain a conviction."

However, the decision in Stogner focused on whether the limitations period has expired before the statute was enacted that extended the limitations period. *See* Riskin v. Martel, 2011 WL 3300340 * 8 (E.D.Cal. July 29, 2011)(citing Renderos v. Ryan, 469 F.3d 788, 795 (9th Cir. 2006)(because the statute at issue "was enacted while the limitations period were still running on the claims against Renderos[,] [t]his is ... precisely the type of statute that Stogner expressly stated it was not striking down."); *see also* Suong v. Cate, 12015 WL 727138 *11-12 (E.D. Cal. Feb. 24, 2014)(*ex post facto* arguments may be raised when time-barred prosecutions are revived by statute but when a statute is enacted while the limitations period was still running, no *ex post facto* arguments may be raised)).

Thus, this Court finds Stogner does not aid Mitchell here because both statutes had not expired when the new statute extending the statute of limitations was enacted. Although Mitchell argues Stogner did not expressly so state, it clearly follows that, because the *ex post facto* violation found in Stogner was based on expired statutes that were revived

by the new law, there can be no such violation if the statutes have not expired. *See* Riskin, 2011 WL 3300340 at * 8; Renderos, 469 F.3d at 795; *see also* United States v. Chief, 438 F.3d 920, 924 (9th Cir. 2006).

Based on this reasoning, Mitchell's *ex post facto* arguments fail. Accordingly, Mitchell's motion to dismiss Counts Six and Seven is DENIED in its entirety.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Brown's motion to dismiss Counts Two through Five [doc. # 558] is **DENIED.**
2. Defendant Martin's motion to dismiss [docs. #567, 578] is **GRANTED in part and DENIED in part** as follows:
   a. Defendant Martin's motion to dismiss Count Eleven is **GRANTED**; and
   b. Defendant Martin's motion to dismiss Counts Six and Seven is **DENIED**;
3. Defendant Mitchell's motion to dismiss Counts Six and Seven on statute of limitations and *ex post facto* grounds [docs. # 609, 653] is **DENIED.**
4. The joinders filed by defendants Banks, Stevenson, Edmond, Price, and Griffin to defendant Brown's motion [docs. # 559, 563, 564, 591, 592, 594] are **DENIED**.
5. The joinders filed by defendants Price, Stevenson, and Wall to Mitchell's motion [docs. # 617, 619, 625] are **DENIED**.

//
//
//
//
//
//

6. The joinders filed by defendants Brown, Banks, and Price to Martin's motion [docs. # 591, 592, 594] are **DENIED**.[4]

Dated: August 11, 2015

JOHN A. HOUSTON
United States District Judge

[4] Only Martin is charged in Count Eleven. Therefore, the joinders do not apply to Martin's motion to dismiss Count Eleven.